UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DANIEL PRIMEAUX & PERRIELIN SESSIONS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SOLANO, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-3139-DC-JDP (PS)<br><br>ORDER |

Plaintiffs bring this action against numerous defendants—seventeen, as best I can discern—and challenges an adverse child custody decision issued by California state courts. ECF No. 1 at 47. The complaint, as articulated, does not present a cognizable federal claim. I will dismiss the complaint and give plaintiffs an opportunity to remedy the deficiencies identified below.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiffs have filed a lengthy complaint that, distilled to its essence, is an attempt to challenge an adverse child custody decision and to sue many individuals who had involvement in the events leading to the loss of custody. ECF No. 1 at 47-52.

As an initial matter, plaintiffs, who are proceeding pro se, purports to bring this suit on behalf of their minor son. *Id.* at 1. Pro se litigants, however, cannot assert claims on behalf of others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs are generally prohibited "from pursuing claims on behalf of others in a representative capacity"); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that a parent may not bring suit on behalf of a minor child without first retaining an attorney).

Federal courts have consistently recognized that, under the *Rooker-Feldman* doctrine, they lack the authority to review final state court decisions. *See Lance v. Dennis*, 546 U.S. 459, 463

2

1  (2006) ("Accordingly, under what has come to be known as the *Rooker-Feldman* doctrine, lower
2  federal courts are precluded from exercising appellate jurisdiction over final state-court
3  judgments."); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The
4  United States District Court, as a court of original jurisdiction, has no authority to review the final
5  determinations of a state court in judicial proceedings.").  This applies to decisions related to
6  child custody.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (the domestic relations
7  exception to federal subject matter jurisdiction "divests the federal courts of power to issue
8  divorce, alimony and child custody decrees"); *see also Peterson v. Babbitt*, 708 F.2d 465, 466
9  (9th Cir. 1983) ("[F]ederal courts have uniformly held that they should not adjudicate cases
10 involving domestic relations, including the custody of minors and a fortiori, right of visitation; the
11 whole subject of domestic relations and particularly child custody problems is generally
12 considered a state law matter") (internal quotation marks omitted).  "Even when a federal
13 question is presented, federal courts decline to hear disputes [that] would deeply involve them in
14 adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).
15 Here, the allegations appear to be little more than an attempt to appeal a final, adverse state court
16 decision.
17       Additionally, some of the defendants plaintiffs have attempted to sue are non-cognizable
18 under section 1983.  For instance, the medical providers who reported plaintiffs' alleged abuse
19 are not state actors within the meaning of section 1983.  *See Sawyer v. Legacy Emanuel Hospital*
20 *& Health Center,* 418 F. Supp.3d 566, 572 (D. Or. 2019) ("merely reporting suspected child
21 abuse does not constitute state action for purposes of § 1983") (internal quotations and
22 punctuation omitted).  And although the complaint references Native American heritage on the
23 part of Plaintiff Sessions, it fails to allege violations of the Indian Child Welfare Act insofar as it
24 does not allege facts that, if true, would establish that the child at issue is Native American.  *See*
25 *Brogdon v. Wash. State Dep't of Child.*, NO. 3:23-cv-05832-BHS, 2024 U.S. Dist. LEXIS 61594,
26 *7 (W.D. Wash. Apr. 3, 2024) ("A complaint is insufficient in this regard if it merely alleges facts
27 that suggest there is reason to know a child may be an Indian child.").
28       The complaint is dismissed with leave to amend so that plaintiffs may explain why this

3

1  action should proceed.  Any amended complaint will entirely supersede the initial one and must
2  be complete in itself.  It should be titled "First Amended Complaint" and be filed within thirty
3  days of this order's entry.

   Accordingly, it is ORDERED that:

   1. Plaintiffs' complaint, ECF No. 1, is DISMISSED with leave to amend.

   2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

   3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

   4. The Clerk of Court shall send plaintiff a complaint form with this order.

   5. Plaintiffs' applications to proceed *in forma pauperis*, ECF Nos. 3 & 4, are GRANTED.

IT IS SO ORDERED.

Dated:  January 6, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4