UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DANIEL PRIMEAUX & PERRIELIN SESSIONS, | Case No. 2:25-cv-3139-DC-JDP (PS) |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SOLANO, *et al.*, | |
| Defendants. | |

Plaintiffs brought this action against numerous defendants and appeared to challenge an adverse child custody decision issued by California state courts. I found that the initial complaint failed to state a cognizable claim and gave plaintiffs leave to amend. Plaintiff Primeaux has now filed an amended complaint, wherein he states that he is the only claimant in this action. ECF No. 7 at 7-8. Plaintiff argues that this action does not, as the previous complaint appeared to, challenge a state court's child custody decision. Instead, he alleges that defendants violated his constitutional rights outside of and independent of the state court's decision. *Id.* at 8. I find, for the reasons stated below, that the complaint remains deficient and now recommend that it be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

As stated before, the *Rooker-Feldman* doctrine precludes federal court review of final state court decisions. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("Accordingly, under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings."). This prohibition against review of state court judgments extends to child custody

2

decisions. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the custody of minors and a fortiori, right of visitation; the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter") (internal quotation marks omitted). "Even when a federal question is presented, federal courts decline to hear disputes [that] would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Now recognizing this issue, plaintiff has recast his claims as independent constitutional violations that allegedly occurred outside of judicial proceedings. ECF No. 7 at 8. The essence of his complaint is that numerous actors, including healthcare workers, police officers, social workers, county supervisors, and the County of Solano itself, violated his rights by: (1) committing a warrantless seizure of his child; (2) relying on unconfirmed or faulty toxicology reports to initiate child custody proceedings; (3) generating a "Suspected Child Abuse Report" based on "unverified allegations;" (4) failing to settle the issue of whether the Indian Child Welfare Act applied; and (5) the proceedings that determined out of county placement for the child and the termination of reunification services were procedurally defective. *Id.* at 16-24. Plaintiff also claims that he was denied access to the state courts because the appellate record was incomplete and deprived him of the ability to effectively challenge the adverse narrative that led to a loss of custody.[1] *Id.* at 24-26.

These arguments are precluded by the state proceedings in which plaintiff already participated and that were decided adversely. "Issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of*

---

[1] The complaint fails to offer an overall description of proceedings and, thus, I cannot relate a full timeline of events. It is unclear, for instance, what the toxicology reports at issue found or the basis on which the state court ultimately rested its custody decision.

*Ed.*, 465 U.S. 75, 83 (1984).  The Supreme Court has emphasized that, "if the constitutional claims presented to a United States district court are inextricably intertwined with the merits of a judgment rendered in state court, then the district court is in essence being called upon to review the state-court decision." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (internal quotation marks omitted) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)).  Here, plaintiff's claims are inextricably intertwined with the state proceedings that he claims not to challenge.  If this court were to determine that defendants relied upon false or unconfirmed toxicology reports and, in so doing, violated plaintiff's rights, then that finding would necessarily call into question any state custody decision relying on those reports.

Moreover, plaintiff has not offered any cogent argument as to why he could not (if, indeed, he did not) challenge these procedural shortcomings in the state court proceedings.  For instance, if the reports were deficient or the seizure of the child procedurally improper, then it behooved plaintiff to raise those issues before the state court that was best situated to address them.  *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) ("Claim preclusion bars litigation of claims that were or could have been raised in a prior action, including claims under § 1983.").  Finally, the complaint does not make a sufficient allegation of extrinsic fraud on the part of any defendant, insofar as plaintiff fails to allege that (1) judgment was entered against him under circumstances that prevented him from presenting his case and (2) that these circumstances were attributable to extrinsic fraud practiced by the other party.  *Gibble v. Car-lene Research, Inc.*, 67 Cal. App. 4th 295, 314, 78 Cal. Rptr. 2d 892 (Cal. Ct. App. 1st 1998).  To be sure, he claims that evidence used against was erroneous or unreliable, and that portions of the record on appeal were missing, but these allegations are a far cry from an assertion that "the successful party has by inequitable conduct, either direct or insidious in nature, lulled the other party into a state of false security, thus causing the latter to refrain from appearing in court or asserting legal rights." *Id.*

Additionally, as I found in my previous screening order, some of the defendants whom plaintiff has attempted to sue are non-cognizable under section 1983.  For instance, the medical providers who reported plaintiffs' alleged abuse are not state actors within the meaning of section

1983.  *See Sawyer v. Legacy Emanuel Hospital & Health Center,* 418 F. Supp. 3d 566, 572 (D. Or. 2019) ("[M]erely reporting suspected child abuse does not constitute state action for purposes of § 1983.") (internal quotations and punctuation omitted).  And although the complaint references Native American heritage on the part of the child, it fails to allege violations of the Indian Child Welfare Act insofar as it does not actually allege facts that, if true, would establish that the child at issue is Native American.  *See Brogdon v. Wash. State Dep't of Child.*, NO. 3:23-cv-05832-BHS, 2024 U.S. Dist. LEXIS 61594, *7 (W.D. Wash. Apr. 3, 2024) ("A complaint is insufficient in this regard if it merely alleges facts that suggest there is reason to know a child may be an Indian child.").

I have already given plaintiff leave to amend, and he has failed to state any cognizable claim.  Accordingly, I now recommend that this action be dismissed without leave to amend.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that repeated failure to cure deficiencies by amendment may weigh in favor of dismissal without leave to amend).

Accordingly, it is RECOMMENDED that:

1.  Plaintiff's amended complaint, ECF No. 7, be DISMISSED without leave to amend for failure to state a cognizable claim.

2.  The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    March 6, 2026                                    _____

                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE